Filed 7/26/22 In re Madelyn F. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re MADELYN F. et al., Persons Coming Under the Juvenile Court Law. | B317360 (Los Angeles County Super. Ct. Nos. DK10468A-E, 19CCJP07002A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. CYNTHIA F., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Pete R. Navarro, Judge Pro Tempore. Dismissed.

Emery El Habiby, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

_____

Defendant and appellant Cynthia F. (mother) appeals from the juvenile court's September 29, 2021, orders denying her Welfare and Institutions Code section 388[1] petitions regarding her children, Madelyn F. (Madelyn, born Oct. 2006), Cruz B. (Cruz, born Nov. 2007), Marley F. (Marley, born Jan. 2014), and E.F. and A.F. (the twins, born Jan. 2015). Although mother's other child, M.F. (born Oct. 2019),[2] was not the subject of a section 388 petition denied on September 29, 2021, mother referenced her in her notice of appeal as well as in her opening brief.

Mother's sole contention on appeal is that the juvenile court and the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with the requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.). Because mother's appeal has been rendered moot by the

_____

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] We refer to Madelyn, Cruz, Marley, the twins, and M.F. collectively as minors.

2

juvenile court's subsequent orders for DCFS to conduct additional ICWA inquiries, we grant DCFS's unopposed motion to dismiss the appeal.

## BACKGROUND[3]

*The Fathers*

Madelyn and Cruz's presumed father is C.B. (Madelyn and Cruz's father). Marley's alleged father is William L. (Marley's father). The twins' alleged father is Manuel A. (the twins' father). M.F.'s presumed father is Anthony T. (M.F.'s father). None of the fathers is a party to this appeal.

*Referral*

The family came to the attention of DCFS in January 2015. After questioning mother on January 14, 2015, DCFS reported that Madelyn, Cruz, Marley, and the twins had no known Indian ancestry.

*Dependency Petition and Initial Hearing*

On March 23, 2015, DCFS filed a section 300 petition seeking the juvenile court's exercise of dependency jurisdiction over Madelyn, Cruz, Marley, and the twins.[4] On the same day, mother filed a Parental Notification of Indian Status (ICWA-020) form indicating that she had no known Indian ancestry. Based on that representation, the juvenile court found at the March 23, 2015, initial hearing that ICWA did not apply. Mother also

---

[3] Because ICWA error is the only issue raised by mother on appeal, this summary of the factual and procedural background focuses on matters related to ICWA compliance. (*In re I.B.* (2015) 239 Cal.App.4th 367, 370.)

[4] A first amended petition was filed in July 2015.

denied at the hearing that Madelyn and Cruz's father, Marley's father, or the twins' father had any Indian heritage.

*Jurisdiction/Disposition Report (May 8, 2015)*

Mother and Marley's father denied any Indian heritage.[5] The whereabouts of the twins' father were unknown.

Madelyn and Cruz's paternal grandmother told DCFS that she belonged to the Diegueno Tribe and to the Juaneno Band of Mission Indian Acjachemen Nation. She had attempted to enroll Madelyn and Cruz's father when he was a minor but was unsuccessful. Now that he was an adult, she believed that he had to enroll himself. She agreed to obtain more information regarding her family's Indian ancestry.

*Adjudication Hearing (July 13, 2015)*

Mother pled no contest to the first amended dependency petition. The juvenile court declared Madelyn, Cruz, Marley, and the twins dependents of the court and placed them at home with mother under DCFS supervision. The juvenile court found that it had no reason to know that the twins' father had any Indian heritage or that the twins were Indian children under ICWA.

*July 15, 2015, Hearing*

On July 15, 2015, Madelyn and Cruz's father filed an ICWA-020 form indicating that he may have Indian ancestry. He wrote: "I believe it is through my maternal grandfather – [F.O.]. My mother Monica B[.] has his contact information – [phone number][.]" At a hearing the same day, the juvenile court found that "ICWA as to [Madelyn and Cruz's father] [wa]s pending."

---

[5] On May 11, 2015, Marley's father filed an ICWA-020 form indicating that he had no known Indian ancestry.

4

*Last Minute Information for the Court (July 20, 2015)*

DCFS again reported that Madelyn and Cruz's paternal grandmother stated that she had Indian ancestry and tribal affiliation through her father's mother. On June 17, 2015, a dependency investigator had attempted to obtain the names of paternal relatives from her. She "stated that she had the 'bloodline' information at home" and would provide it to the investigator as soon as possible.

*Detention; Subsequent and Supplemental Petitions*

On October 10, 2018, DCFS detained Madelyn, Cruz, Marley, and the twins from mother. Madelyn and Cruz were placed with their paternal grandmother; Marley was placed with her paternal aunt;[6] and the twins were placed in foster care.

On October 12, 2018, DCFS filed a subsequent petition under section 342 and a supplemental petition under section 387 on behalf of Madelyn, Cruz, Marley, and the twins. At a hearing on October 15, 2018, the juvenile court found that a prima facie showing had been made that continued placement in mother's home was contrary to the children's welfare and that removal was necessary. The juvenile court sustained the subsequent and supplemental petitions on November 5, 2018.

*Disposition Report (Nov. 5, 2018)*

A dependency investigator contacted Madelyn and Cruz's paternal grandmother on October 29, 2018. To her knowledge, Madelyn and Cruz's father was not enrolled in a tribe. Two days later, she contacted the dependency investigator again and provided her date of birth and tribal identification number as well as her parents' names and dates of birth. She reported that

---

[6] By December 2019, Marley was also residing with her paternal grandmother.

her father, F.O., was affiliated with the Juaneno Band of Mission Indians Acjachemen Nation.

DCFS reported that the Juaneno Band of Mission Indians Acjachemen Nation was not a federally recognized tribe but that it was recognized by the State of California. DCFS mailed notice to the tribe and a response was pending.

Due diligence searches had been initiated for Marley's father and the twins' father, but their current whereabouts remained unknown. The dependency investigator made contact with the twins' paternal grandmother on October 29, 2018. She did not know if she was related to the twins, as her son was not certain that he was their father and had not taken a paternity test.

*Disposition Hearing (Dec. 10, 2018)*

The juvenile court found by clear and convincing evidence at the December 10, 2018, disposition hearing that Madelyn, Cruz, Marley, and the twins should be removed from parental custody. The court found that it did not have reason to know that the children were Indian children under ICWA and therefore did not order notice to any tribe or to the Bureau of Indian Affairs.

Mother appealed from the December 10, 2018, dispositional orders with review of the underlying jurisdictional findings in the subsequent and supplemental petitions. We affirmed the juvenile court's findings and orders. (*In re Madelyn F.* (Oct. 29, 2019), B294896 [nonpub. opn.].)

*Dependency Petition Regarding M.F.*

Mother gave birth to M.F. in mid-October 2019. On October 25, 2019, M.F. was detained and placed with a nonrelative extended family member. On October 29, 2019,

DCFS filed a section 300 petition seeking the juvenile court's exercise of dependency jurisdiction over M.F.[7]

*Detention Hearing (Oct. 30, 2019)*

On October 30, 2019, mother filed another ICWA-020 form indicating that she had no known Indian ancestry. At the detention hearing held that day, the juvenile court found that it did not have reason to know that M.F. was an Indian child. The court ordered M.F. detained from mother.

*Jurisdiction/Disposition Report (Dec. 3, 2019)*

Both mother and M.F.'s father had stated that they did not have any Indian heritage.

*Arraignment Hearing (Dec. 13, 2019)*

On December 13, 2019, M.F.'s father filed an ICWA-020 form indicating that he had no known Indian ancestry. At the arraignment hearing regarding M.F. held that day, the juvenile court found that ICWA did not apply as to M.F.'s father.

*Adjudication Hearing (Jan. 13, 2020)*

On January 13, 2020, the juvenile court sustained the first amended petition regarding M.F. as amended by interlineation, declared M.F. a dependent of the court, and removed her from her parents.[8]

*Termination of Reunification Services*

On September 1, 2020, the juvenile court terminated reunification services and set a section 366.26 permanency planning hearing as to all minors. On April 1, 2021, the juvenile

---

[7] A first amended petition regarding M.F. was filed on December 9, 2019.

[8] On February 11, 2020, the twins were replaced in the home of their godmother, who was also caring for M.F.

court ordered adoption as the permanent plan for Madelyn, Cruz, Marley, and the twins.  The court ordered the same for M.F. on June 11, 2021.

*Supplemental Petition Regarding Marley*

On April 5, 2021, DCFS filed a supplemental petition under section 387 on behalf of Marley.  The petition alleged that Marley's caregivers—her paternal grandmother and paternal aunt—failed to comply with juvenile court orders by allowing Marley's father unlimited access to the child.  On May 3, 2021, Marley's paternal grandmother and paternal aunt reported no Indian heritage.  On May 12, 2021, the juvenile court dismissed the section 387 petition regarding Marley with prejudice.

*Mother's Section 388 Petition*

On September 22, 2021, mother filed section 388 petitions requesting that the juvenile court reinstate her reunification services with Madelyn, Cruz, Marley, and the twins.  The court denied mother's petitions without a hearing on September 29, 2021.  Mother appealed from the denial of her section 388 petitions, and this appeal ensued.

8

*Subsequent Events*[9]

On May 24, 2022, the juvenile court ordered the following:

"1. DCFS shall interview all available maternal relatives, all available relatives of [Marley's] father including the child Marley's paternal aunt, all available relatives of the [twins'] father, and all available relatives of [M.F.'s] father to ascertain whether each of the children's families has any affiliation to a Native American tribe. DCFS shall submit a detailed report on the interviews/attempts to interview available relatives and any information derived from those interviews pertaining to affiliation with a Native American tribe. DCFS shall also conduct further inquiry into [Madelyn and Cruz's] father's possible affiliation with one of the federally-registered Diegueno tribes, including contacting the tribes, and shall provide details of this further inquiry in its report. The report shall be filed in the juvenile court for the upcoming June 29, 2022 hearing.

"2. On June 29, 2022, after receiving the report, the juvenile court shall make further orders consistent with the ICWA."

---

[9] On June 1, 2022, DCFS filed a motion requesting that we take judicial notice of the juvenile court's May 24, 2022, orders. We grant the unopposed request. (See Evid. Code, § 452, subd. (d) [judicial notice may be taken of court records]; Cal. Rules of Court, rule 8.54(c) [failure to file an opposition to a motion within the allotted time "may be deemed a consent to the granting of the motion"]; *In re M.F.* (2022) 74 Cal.App.5th 86, 110 ["While appellate courts rarely consider postjudgment evidence or evidence developed after the ruling challenged on appeal, such evidence is admissible for the limited purpose of determining whether the subsequent development has rendered an appeal partially or entirely moot"].)

## DISCUSSION

On appeal, mother contends that DCFS failed to conduct an adequate inquiry into the possible Indian heritage of mother and minors' fathers, including interviewing readily available extended family members. DCFS filed a motion to dismiss mother's appeal, arguing that the juvenile court's May 24, 2022, orders have made it moot. Mother has not filed an opposition to the motion to dismiss.[10]

"Due to the dynamic nature of juvenile dependency proceedings, a subsequent order of the juvenile court may render an issue on appeal moot. [Citations.]" (*In re M.F.*, *supra*, 74 Cal.App.5th at p. 110.) "'[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' [Citation.]" (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.) "The critical factor in assessing mootness is whether the appellate court can provide any effective relief if it finds reversible error or if the purported error affects the outcome of subsequent proceedings. [Citations.]" (*In re M.F.*, *supra*, at p. 111.)

We agree with DCFS that mother's appeal is moot as a result of the juvenile court's May 24, 2022, orders. If we were to proceed with the appeal and find that nonharmless ICWA error occurred below, the proper remedy would be to "leave the juvenile

---

[10]    Any opposition to a motion to dismiss an appeal must be filed within 15 days after the motion is filed. (Cal. Rules of Court, rule 8.54(a)(3).) Mother's failure to file an opposition within the allotted time "may be deemed a consent to the granting of the motion." (Cal. Rules of Court, rule 8.54(c).)

10

court's orders in place and effect a 'limited remand' to effect compliance with the ICWA." (*In re Veronica G.* (2007) 157 Cal.App.4th 179, 187.)  The juvenile court, however, has already ordered DCFS to interview all of minors' available maternal and paternal relatives regarding Native American tribal affiliation and to conduct further inquiry into Madelyn and Cruz's father's possible affiliation with one of the federally registered Diegueno tribes.  DCFS must also submit a detailed report regarding these efforts and the information obtained, after which the court will make further ICWA orders.  Thus, no effective relief can be offered to mother through this appeal as a remand would have no practical effect.  Dismissal is warranted. (*In re Dani R., supra*, 89 Cal.App.4th at p. 404.)

## DISPOSITION

DCFS's motion to dismiss is granted.  The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT